IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| | § | |
| v. | § | 1:19-CR-130-LY-14 |
| | § | |
| Gerardo Cruz-Jaramillo (14), | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion for Reconsideration of Order of Detention Pending

Trial ("Motion for Reconsideration") (Dkt. No. 278).

## I. BACKGROUND

On September 30, 2019, the Court held an Arraignment and Detention Hearing and ordered

Defendant Gerardo Cruz-Jaramillo detained pending trial, finding by a preponderance of the

evidence that no condition or combination of conditions of release would reasonably assure the

defendant's appearance as required (Dkt. No. 217). The Court's decision was based in part on the

fact that background information provided by Defendant was unverified at the time of his detention

hearing. Also, the United States argued at the Detention Hearing that "certain facts described by

defense counsel were unverified." (Second Response to Defendant's Motion for Reconsideration

of Order of Detention Pending Trial, Dkt. No. 300). Specifically, the United States argued that in

a case such as this one, where a rebuttable presumption of detention arises under 18 U.S.C.

§ 3142(e)(3),[1] the presumption must be rebutted with verified information.

---

[1] 18 U.S.C. § 3142(e)(3) provides in part that: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled

## II.   ANALYSIS

Defendant's Motion for Reconsideration cites 18 U.S.C. § 3142(f)(2)(B), which states that a

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Motion for Reconsideration states that after his detention hearing, Defendant's mother verified

the personal information contained in his Pretrial Services Report, including

> his history, residence, and family ties, along with his employment history. This information was not known or available at the time of his initial detention hearing. This verification has a material bearing on the issue of detention/conditions of release due to the lack of verification being a reason for his initial detention.

Dkt. No. 278 at 1; *see also* Exhibit A to the Motion for Reconsideration (Pretrial Services Report,

Dkt. No. 279) (sealed).

On October 18, 2019, a hearing was held on Defendant's Motion for Reconsideration. During

the hearing, Defendant's mother provided testimony verifying the personal information previously

provided by Defendant and also provided additional information concerning Defendant's history

and contact with her and his extended family in the Austin area. As stated at the conclusion of the

hearing, however, the Court finds that the information does not have a material bearing on the

issue whether there are conditions of release that will reasonably assure the appearance of

Defendant as required.

After considering the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial

Services Report, and the evidence and arguments of counsel presented at the detention hearing and

---

Substances Act (21 U.S.C. 801 et seq.) . . . ." Defendant has been indicted on such an offense under 21 U.S.C. § 846{841(a)(1) & (b)(1)(A & C)}.

at the hearing on Defendant's Motion for Reconsideration, it remains the conclusion of the Court that Defendant must be detained pending trial because the United States has proven by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. Reasons for detention include Defendant's significant family ties outside of the United States, particularly the fact that his three-year-old son lives in Mexico, where Defendant has traveled to visit him. Additional reasons that Defendant presents a risk of nonappearance include other personal information contained in the Pretrial Services Report and the fact that Defendant may be subject to a lengthy period of incarceration if convicted of the charge against him.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration of Order of Detention Pending Trial (Dkt. No. 278) is **DENIED**.

**SIGNED** on October 18, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE